UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADONIUS BAILEY,
    Petitioner,

v.                                  Case No. 8:20-cv-1974-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

# ORDER

    Adonius Bailey, a Florida prisoner, filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his convictions based on alleged errors of the trial court, alleged failures of his trial counsel, and alleged due process violations. (Doc. 8.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 11), and the reply, (Doc. 15), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Bailey is also not entitled to a certificate of appealability.

I.    BACKGROUND

    Bailey pleaded guilty to second-degree murder and burglary of a dwelling with an assault or battery. (Doc. 12-2, Exs. 2, 3 & 4.) Under the plea agreement, the state court sentenced Bailey to concurrent terms of 30 years in prison followed by 10 years of

1

probation. (*Id.*, Ex. 3, pp. 8-9; Ex. 4.) The sentence for each count included a 25-year minimum mandatory term. (*Id.*) Bailey did not appeal the convictions and sentences.

Bailey's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 was denied. (*Id.*, Ex. 6.) The state appellate court per curiam affirmed the denial. (*Id.*, Ex. 9.) Bailey's motion to correct an illegal sentence under Rule 3.800(a) was also denied. (*Id.*, Exs. 13 & 15.) Bailey did not appeal the order denying his Rule 3.800(a) motion.

Bailey's motion to dismiss the information was denied as untimely. (*Id.*, Exs. 14 & 17.) Bailey's petition for a belated appeal was dismissed. (*Id.*, Exs. 18 & 21.) Bailey's second motion to correct an illegal sentence under Rule 3.800(a) was denied, and the denial was per curiam affirmed by the state appellate court. (*Id.*, Exs. 22 & 26.) Bailey's petition for writ of habeas corpus, which the state court construed as a motion for postconviction relief under Rule 3.850, was denied as untimely. (*Id.*, Ex. 28.) The state appellate court per curiam affirmed the denial. (*Id.*, Ex. 31.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became

2

final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Bailey's judgment was filed in state court on January 24, 2013. (Doc. 12-2, Ex. 4.) Because Bailey did not appeal, his judgment became final on February 25, 2013, when the 30-day period to file a notice of appeal expired.[1] *See Baca v. State*, 313 So.3d 1177, 1178 (Fla. 1st DCA 2021) ("No appeal was filed, so Petitioner's judgment and sentence became final 30 days later . . . ."). After 321 days of untolled time passed, on January 13, 2014, Bailey filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 12-2, Ex. 6, p. 1.) That motion remained pending until the state appellate court's mandate issued on September 20, 2017. (*Id.*, Ex. 12.) Bailey's AEDPA limitation

---

[1] The thirtieth day, February 23, 2013, was a Saturday. Therefore, Bailey had until Monday, February 25, 2013, to file his notice of appeal. *See* Fla. R. Crim. P. 3.040; Fla. R. Jud. Admin. 2.514(a)(1)(C).

period then ran untolled until it expired 44 days later, on November 3, 2017.² Bailey's § 2254 petition, filed August 20, 2020, is untimely under § 2244(d).³

Before the expiration of the AEDPA limitation period, on July 28, 2017, Bailey filed a motion to dismiss the information. (Doc. 12-2, Ex. 14, p. 1.) On February 22, 2018, the state court rejected the motion as untimely. (*Id.*, Ex. 17.) Therefore, the motion had no tolling effect. The Supreme Court of the United States has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). In other words, "[w]hen a postconviction petition

---

² Before the mandate's issuance, on July 5, 2017, Bailey filed a motion to correct an illegal sentence under Rule 3.800(a). (*Id.*, Ex. 13, p. 1.) The motion was denied on August 11, 2017. (*Id.*, Ex. 15.) Bailey did not appeal the denial with the 30 days allotted to do so. As all activity regarding Bailey's July 5, 2017 Rule 3.800(a) motion to correct an illegal sentence occurred while Bailey's Rule 3.850 motion for postconviction relief remained pending, the July 5, 2017 motion did not result in additional statutory tolling.

³ Bailey's original § 2254 petition was filed on August 20, 2020. For purposes of this order, the Court assumes that the amended petition, which was filed on January 13, 2021, relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

4

is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

The Court next addresses the state court's order denying Bailey's July 5, 2017, motion to correct an illegal sentence. The state court sua sponte directed the clerk to amend the written judgment. The state court's order noted that the judgment "improperly reads" that the sentences were enhanced under § 775.087(1), (2) Fla. Stat. (Doc. 12-2, Ex. 15, p. 2.) The state court's order clarified that § 775.087(1) did not apply to either count and that the judgment should be amended to reflect that "both count one and count two were enhanced and have a minimum mandatory sentence of twenty-five (25) years' prison pursuant to Section 775.087(2)(a)(3)." (*Id.*, pp. 2-3.)[4]

The amended judgment was not a new judgment that re-started the AEDPA limitation period. For purposes of AEDPA's limitation period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007)). "[A] state prisoner's AEDPA limitations period does not begin to run until both his conviction and sentence become final." *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 501 (11th Cir. 2015).

---

[4] This statute requires the imposition of a minimum term of 25 years in prison when a person discharges a firearm, thereby inflicting death or great bodily harm upon any person, during the commission of certain offenses. § 775.087(2)(a)(3), Fla. Stat.

A change to a sentence after its imposition may result in a new judgment that resets the AEDPA limitation period. In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017). For example, a new judgment may be entered when the state court takes certain actions such as conducting a "new" sentencing hearing, changing the term of imprisonment, or entering a "new" judgment and sentence committing the petitioner to the custody of prison officials. *See id.* at 1325-26 (citing *Magwood v. Patterson*, 561 U.S. 320, 326, 339 (2010) and *Insignares*, 755 F.3d at 1277).

Not every change to a prisoner's sentence results in a new judgment for purposes of the AEDPA limitations period. In *Patterson*, the state trial court removed a term of Patterson's sentence requiring him to undergo chemical castration. *Id.* at 1324. The Eleventh Circuit determined that no new judgment was entered when the state trial court "did not vacate Patterson's sentence and replace it with a new one," did not "direct the Department of Corrections to hold Patterson or perform any affirmative act," and did not "issue a new judgment authorizing Patterson's confinement." *Id.* at 1324-27; *see also Booth v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 861, 862-63 (11th Cir. 2018) (providing that the state court did not enter a new judgment when its order made a "ministerial correction"

6

to Booth's sentence but did not authorize Booth's confinement or vacate his sentence and replace it with a new sentence).

The state court's order did not result in a new judgment for purposes of § 2244(d). The state court did not vacate Bailey's sentence and impose a new one, change the overall term of imprisonment, or alter Respondent's preexisting authority to confine Bailey. The state court only amended the written sentencing document to cite the correct statutory provision for the sentences previously imposed. Indeed, the state court's order provided that in preparing the amended sentence, the clerk was to "leav[e] all other aspects of Defendant's previously imposed sentence intact." (Doc. 12-2, Ex. 15, p. 3.)

Therefore, Bailey's AEDPA limitation period expired on November 3, 2017. He filed several motions in state court after this date, but they have no impact on the § 2254 petition's timeliness because the AEDPA limitation period cannot be revived. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

Bailey does not argue that equitable tolling applies to his case. *See Holland v. Florida*, 560 U.S. 631 (2010). Nor does he argue that he is entitled to review of his untimely § 2254 petition because new evidence shows his actual innocence. *See McQuiggin v.*

7

*Perkins*, 569 U.S. 383 (2013). In his reply, Bailey contends that the judgment is void because the state court lacked jurisdiction over his case due to an "unauthorized" amendment to the charging document and that a "void judgment" can be collaterally attacked at any time. (Doc. 15, p. 2.) But Bailey fails to establish that such claims can be brought after the AEDPA limitation period expires. *See, e.g., Joseph v. Tucker*, No. 4:12cv119-SPM/CAS, 2012 WL 5381513, at *1 (N.D. Fla. Nov. 1, 2012) ("There is no exception to the § 2254 time limitation for claims raising challenges to the state court's subject matter jurisdiction."); *Davis v. Sec'y, Dep't of Corr.*, No. 8:09-cv-702-T-30MAP, 2009 WL 4730548, at *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."). Accordingly, Bailey's petition is dismissed as time-barred under § 2244(d).

### III.  CERTIFICATE OF APPEALABILITY

Bailey is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Bailey must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Bailey cannot satisfy the second

prong of the *Slack* test. As Bailey is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Bailey's Amended Petition for Writ of Habeas Corpus (Doc. 8) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Bailey and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 17, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge